## Manufacturers Light and Heat Company v. Heathcote

*Robert S. Gawthrop, Jr.,* for plaintiff.

*Theodore O. Rogers,* for defendants.

KURTZ, J., June 2, 1965.—By a grant dated January 7, 1948, the Manufacturers Light and Heat Company, plaintiff here, acquired the easement of a right-of-way over lands then of John B. Black and wife and now of defendants, situate in Upper Uwchlan and West Vincent Townships, in this county. By the terms of that grant the company acquired, for a consideration of $6 per rod, the right to lay, maintain, operate, repair and remove a 14-inch pipe line over and through said property, and it was further agreed "that the said Company, . . . , may at any time lay, maintain, operate, repair and remove a second line of pipe alongside

of the first line as herein provided, upon the payment of a like consideration, . . . ; and may change the size of its pipes, . . ."

In April 1965, plaintiff company tendered the sum of $995.28 to defendants as payment for the installation of a second pipe line across their property for a distance of 165.88 rods. The company then stated that the tender was made pursuant to the terms of the agreement of January 7, 1948. This tender was refused by defendants, and in their refusal they pointed out that the new line proposed to be installed was to be located 20 feet to the south of and parallel with the original line, and that by so locating it, it was not being placed "alongside of the first line"; consequently, said defendants, plaintiff had no right to install it under the authorization contained in the original grant. Defendants further advised the company that they would resist any attempt on the company's part to come upon their land and make the installation.

The company thereupon filed its complaint in equity in this court seeking an injunction restraining defendants from interfering with the installation of the second line. Upon the filing of the complaint, the company asked for and was issued a preliminary injunction imposing that restraint. We have now had a hearing pursuant to the requirements of Pennsylvania Rule of Civil Procedure 1531(d) and must decide whether the injunction should be continued or dissolved.

At the hearing it was testified without being controverted that plaintiff has commitments to supply natural gas to customers to the north of the location here in question by November 1, 1965, and that the installation of the second line is necessary to meet those commitments. It was also testified that the separation of the two lines by a distance of 20 feet is necessary as a safety factor both in the installation of the second line and in the maintenance of the two thus in-

stalled, and that it is also necessary to install the second at such a distance from the first in order to permit the handling and maneuvering of the machinery which will be employed in the doing of the work.

A part of the original line passes through a wooded area upon defendants' land. For some time past plaintiff has maintained a cleared pathway or swath along the route of the pipe through that wooded area to a width of about 30 feet. The present line follows generally the center line of the area so cleared.

We believe that the injunction heretofore issued must be dissolved. In our judgment, the line proposed to be installed will not be located "alongside of the first line" if installed at a distance of 20 feet south of it, as plaintiff presently proposes to do: Waggle v. Peoples Natural Gas Co., 17 D. & C. 2d 550 (1958).

According to Webster's New International Dictionary, second edition, unabridged (1956), "alongside" means "along or by the side of"; "side by side with." Under no reasonable interpretation of the present circumstances do we think that that which plaintiff proposes can be said to be "along or by the side of" the first pipe, neither will it be "side by side with" it.

Plaintiff relies upon Texas Eastern Transmission Corporation v. Carman, 314 S. W. 2d 684 (1958), decided by the Court of Appeals of Kentucky, and Dowgiel v. Reid, 359 Pa. 448 (1948) as authority in support of its position that its proposed second line will be positioned "alongside of" the first. We think that neither of those cases supports that position.

In the former, the grant under consideration contained no language comparable to that contained in the one now before us. In that case, the instrument being considered provided that the company was granted the right to lay additional lines from time to time upon payment of an additional consideration of $1 per rod for each such line installed. The agreement

made no mention at all as to where such additional lines were to be located. In that agreement, as in the one now before us, the limits of the easement itself were not defined.

The court of appeals there held that when the limits of the easement are not defined in the grant, a reasonably convenient and suitable way is presumed to be intended, and that under the testimony then before it, a second line to be located 25 feet distant from the first would follow a reasonably convenient and suitable way. In the instant case, we are not concerned with whether plaintiff's proposal is reasonable; we are only concerned with whether its second line will be "alongside of" the first if located 20 feet from it to the south.

In the second case upon which plaintiff relies, the question before the court was whether electric power lines and the poles to support them could be put within the limits of a private way or road. The Supreme Court pointed out that under the terms of the grant then before it, the owner of the dominant estate could bring to his land over the way such necessities and supplies as he could carry in carts and vehicles, and that "Since the defendants have the right thus to bring such and similar supplies in vehicles over this private road for the purpose of making their habitation livable according to present day standards, [it is] not unreasonable to contend that if they prefer to use electricity instead of oil and coal for the purpose of illuminating and heating their home, they cannot use the private road for the purpose of erecting sufficient poles along the side of that road to carry electric wires from the main electric line to their home, . . ." (p. 453). Obviously, we think, that principle has no application here.

Accordingly, we hold that that which plaintiff proposed to install upon defendants' land has not been authorized or permitted by the grant of January 1948, hereinabove cited. We think that the injunction issued

May 25, 1965, was improperly issued. We will enter the following order.

## ORDER

And now, June 2, 1965, after hearing had in this cause pursuant to the requirements of Pa. R. C. P. 1531 (d), the injunction heretofore issued May 25, 1965, is hereby dissolved.